## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JORD, INC., A Missouri Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| ROUGE + BLANC CONCEPT AG, | ) | |
| d/b/a MICHEL JORDI, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT AND/OR CANCELLATION OF TRADEMARK

Plaintiff, Jord, Inc., by and through undersigned counsel, for its Complaint in this case, states as follows:

### Summary of the Matter in Controversy

1.      Plaintiff, Jord, Inc., a Missouri corporation, imports wooden watches which are manufactured to its specifications, which it sells almost exclusively through its website, www.woodwatches.com.  These watches are sold under the trademark "JORD" (including the "JORD" mark appearing on the face of each watch). Jord, Inc. was granted a registration for the "JORD" mark, on the Primary Register of the United States Patent and Trademark Office ("USPTO"), on or about July 8, 2014.  These watches retail from $139 - $395 dollars.  Jord, Inc. has sold literally thousands of these wooden watches in the last 3-plus years.

2.      Defendant, Rouge + Blanc Concept AG ("R + B") is a Swiss company which manufactures and sells luxury watches, which it sells using the trademarks "MICHEL JORDI" and/or "JORDI".  Upon information and belief, these watches retail for $5,000 or more, with many retailing for over $10,000 each.  The "MICHEL JORDI" and "JORDI" trademarks have been

registered on the USPTO's Primary Register.  The registration for the "JORDI" mark was issued on or about September 10, 2013, as an extension of R + B's International registration of the same mark, pursuant to the Madrid Protocol.  R + B sells its watches exclusively through authorized dealers, none of whom are located in the United States.

3.      On or about January 25, 2017, an attorney for R + B sent a cease and desist letter to counsel for Jord, Inc., demanding that the latter immediately cease and desist use of the "JORD" trademark, claiming that Jord, Inc.'s use of the mark was in violation of various portions of the Lanham Act, and subjected it to treble damages under that statute.

4.      As a result, potentially millions of dollars in sales by Jord, Inc. have been placed in jeopardy, such that an actual dispute or controversy exists between Jord, Inc. and R + B.  Because the "JORD" trademark does not infringe the "MICHEL JORDI" or "JORDI" marks, as there is no likelihood of confusion, Jord, Inc. is entitled to a declaratory judgment that its mark does not infringe R + B's marks.

5.      Additionally, Jord, Inc. is requesting that the Court cancel the "JORDI" and "MICHEL JORDI" marks, at least to the extent that they relate to watches, as a result of abandonment of these marks by R + B, based on non-use of these marks in commerce in relation to watches for at least 3 years, and because the mark was improperly registered because Jordi is primarily a surname.

## Parties and Trademarks

6.      Plaintiff, Jord, Inc is a Missouri corporation with its principal place of business located in St. Louis County, Missouri.  Jord, Inc. engages solely in the business of import and sale of wooden watches.  Jord Inc. contracts for the manufacture of watches to its specifications with various manufacturers.

7.     Defendant, R + B is a Swiss company which engages, amongst other things, in manufacture and sale of luxury watches.  Defendant R + B is not registered to do business in any state in the United States.

8.     On or about December 2, 2013, Jord Inc.'s predecessor in interest, Tradimpex, U.S.A., Inc. d/b/a Agility Speaks ("Tradimpex"), applied to register, on the Principal Register, the trademark "JORD" in International Class 14 for "watches".  Tradimpex was granted registration for this word mark by the USPTO on July 8, 2014.  A copy of this registration is attached hereto as **Exhibit 1.**

9.     On or about March 6, 2015, the "JORD" mark was assigned by Tradimpex to Plaintiff, Jord, Inc.  A copy of the assignment document is attached as **Exhibit 2.**

10.     On or about July 4, 2006, Urs Michel Jordi, an individual, was granted registration on the Principal Register of the trademark "MICHEL JORDI" in International Class 14 for "watches, clocks and jewelry."  Mr. Jordi subsequently assigned this mark to R + B, for whom he continues to design various items sold by it.  A copy of this registration is attached as **Exhibit 3.**

11.     On or about September 10, 2013, R + B was granted a registration for the trademark "JORDI" in International Class 14, for "jewelry, horological and chronometric instruments, namely watches and clocks".  R + B claimed a priority date of July 13, 2011 based on its international registration of the "JORDI" mark.  In other words, this registration was made pursuant to the Madrid Protocol.   A copy of this registration is attached hereto as **Exhibit 4.**

### Jurisdiction and Venue

12.     This Court has subject matter jurisdiction of this case, pursuant to 28 USC §1331, because it arises under the laws of the United States, in that Plaintiff Jord, Inc. seeks declaration of the parties rights under the Lanham Act and, further, seeks cancellation of Defendant R + B's

registrations for the trademarks "MICHEL JORDI" and "JORDI," also pursuant to the Lanham Act.

13.     Personal jurisdiction over Defendant R + B is proper in that it has sought protection under the Lanham Act, by registering its "MICHEL JORDI" and "JORDI" marks, and has threatened  to take legal action against Plaintiff, Jord, Inc., which is a resident of this district. Further, there is no other district in which jurisdiction may properly be exercised against Defendant R + B, as it is not domiciled or registered in any state.

14.     Venue is proper in this District pursuant to 28 USC §1391(b)(2), in that a substantial portion of the events giving rise to Plaintiff Jord, Inc.'s claims occurred in this District, including that Jord. Inc.'s principal place of business, from which orders for its wooden watches are fulfilled, is located in this District.  Venue is further proper under 28 USC §1391(c)(3) in that R + B is not a resident of the United States.

## Facts Common to All Counts

### R + B's Cease and Desist Letter

15.     On or about January 25, 2017, counsel for R + B sent a cease and desist letter to counsel for Plaintiff, Jord, Inc. (a copy of which is attached herto as **Exhibit 5**), demanding that Jord, Inc. immediately cease use of the "JORD" mark.  The letter further claimed that Jord, Inc.'s use of the mark "amounts to passing off and gives rise to trademark infringement as well as unfair competition in violation of Sections 32(1) and 43(a) of the Lanham Act (15 USC §§1141(1) and 1125(a))." Additionally, the letter stated that Jord, Inc.'s use of the mark constituted willful infringement, for which R + B is entitled to treble damages under §35(b) of the Lanham Act (15 USC §1117(b)).

16.     As a result of this letter, Jord, Inc. is concerned that R + B will sue it and seek damages.  This places Jord, Inc. at great risk if it continues to manufacture watches bearing the "JORD" mark or otherwise makes use of such trademark to market and advertise its watches.

**Count I – Declaratory Judgment that the "JORD" Mark Does
Not InfringeEither the "JORDI" or "MICHEL JORDI" Trademarks**

17.     Plaintiff, Jord, Inc. hereby incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 16 of this Complaint.

18.     For the reasons set forth, below, there is no likelihood of confusion between the "JORD" mark and the "JORDI" or "MICHEL JORDI" marks.

19.     "JORD" and "JORDI" sound significantly different, and do not leave the same auditory impression.  In other words, the marks are not so similar that they are likely to cause confusion amongst relevant consumers.

20.     "JORD" and "MICHEL JORDI" are even more dissimilar, and, again, do not leave the same auditory impression, and are unlikely to cause confusion amongst relevant consumers.

21.     There is little relation between the products sold by Jord, Inc. and R + B under their respective marks.  While both Jord, Inc. and R + B sell watches, the actual products sold by the two entities are significantly different.  Jord, Inc. sells watches under the "JORD" mark which are primarily made of wood and which retail for between $139.00 and $395.00.  R + B sells luxury watches under its "JORDI" and "MICHEL JORDI" mark which retail for thousands of dollars each.  There is no similarity of appearance between the parties' products, the only similarity being that the products can be used to tell time and are worn on a person's wrist.

22.     Upon information and belief, there has been no actual confusion between the "JORD" mark and the marks which are owned by R + B.

5

23.     The marketing channels utilized by Jord, Inc. vary significantly from the channels used by R + B to sell its watches.  Jord, Inc. sells its watches almost exclusively through its web site, www.woodwatches.com.   R + B, while it has a website based in Switzerland, www.micheljordi.ch, does not sell its watches over the internet.  Instead, R + B sells its watches exclusively through authorized dealers, none of whom are located in the United States, or even in North America.

24.     Given the extravagant price of watches sold by R + B under the "JORDI" and "MICHEL JORDI" marks, consumers interested in purchasing such watches are likely to exercise great care in purchasing said watches.

25.     Consumers purchasing watches bearing the "JORD" mark are not likely to believe they are purchasing a watch manufactured by R + B, particularly given the significant differences in the parties' product lines.

26.     Jord, Inc. chose the "JORD" mark because it means "Earth" in the Swedish language.  Jord, Inc. had no intent to try to trade off of the "JORDI" or "MICHEL JORDI" marks.

27.     Jord, Inc. has no intent to expand into the production or sale of luxury watches. Upon information and belief, R + B does not intend to produce a "low-end" watch line.

28.     For the foregoing reasons, there is little to no likelihood of confusion between the products sold and marketed by Jord, Inc. under the "JORD" trademark, and the products sold and marketed by R + B under the "JORDI" and/or "MICHEL JORDI" marks, or between the marks themselves.

29.     Further, the mark "JORDI" is not a strong mark, in that: (a) there are a number of registered trademarks which are "Jord" formative in Class 14, including, but not limited to: "Fjord," "Jordann Jewelry," "Jordache," "Jordan Schlanger," "Jourdan Dunn," "Lisa Jordan," "Charles

Jourdan," and "JRD;" and (b) there are a number of other "Jord" formative marks in other classes, as well.

WHEREFORE, Plaintiff, Jord, Inc., respectfully requests that the Court:

(1)     Declare that there is no likelihood of confusion between the "JORD" trademark and the "JORDI" or "MICHEL JORDI" trademarks, and therefore the "JORD" mark does not infringe either the "JORDI" mark or the "MICHEL JORDI" mark;

(2)     Find that this is an extraordinary case, pursuant to 15 USC §1117(A), and order that R + B pay Jord, Inc.'s reasonable attorneys' fees related to this action;

(3)     Order that R + B pay all costs of this action; and

(4)     Grant such other and further relief as this Court deems just and proper under the circumstances.

### Count II – Cancellation of "JORDI" and "MICHEL JORDI" Trademarks Due to Abandonment, Pursuant to 15 U.S.C. §1064(3)

30.     Plaintiff, Jord, Inc. hereby incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 16 of this Complaint.

31.     R + B registered its "JORDI" mark more than 3 years ago, and the "MICHEL JORDI" mark more than 10 years ago.

32.     For at least the last 3 years, R + B has not used the "JORDI" or "MICHEL JORDI" mark in commerce within the United States for watches.

33.     R + B sells the watches marketed and sold under the "JORDI" and "MICHEL JORDI" marks exclusively through authorized dealers.  R + B has no authorized dealers within the

United States and, upon information and belief, has not had any such authorized dealers in the United States for at least the last three years.

34.     Upon information and belief, R + B has not, at any time within the last three years, used the "JORDI" mark to advertise or market watches within the United States.

35.     Upon information and belief, R + B has not, at any time within the last three years, otherwise used the "JORDI" mark in commerce in connection or relation to watches.

36.     Upon information and belief, R + B has not, at any time within the last three years, used the "MICHEL JORDI" mark to advertise or market watches within the United States.

37.     Upon information and belief, R + B has not, at any time within the last three years, otherwise used the "MICHEL JORDI" mark in commerce in connection or relation to watches.

38.     By its failure to use the "JORDI" mark in commerce in connection or relation to watches for a period in excess of three years, R + B has abandoned the "JORDI" trademark, at least to the extent it applies to watches.

39.     By its failure to use the "MICHEL JORDI" mark in commerce in connection or relation to watches for a period in excess of three years, R + B has abandoned the "MICHEL JORDI" trademark, at least to the extent it applies to watches.

40.     Because R + B has abandoned the "JORDI" trademark, it is subject to cancellation pursuant to the provisions of 15 USC §1064(3), at least to the extent it applies to watches.

41.     Because R + B has abandoned the "MICHEL JORDI" trademark, it is subject to cancellation pursuant to the provisions of 15 USC §1064(3), at least to the extent it applies to watches.

42.     R + B knew, or should have known, that it had abandoned its "JORDI" and "MICHEL JORDI" trademarks, such that its demand that Jord, Inc. cease and desist from use of its

"JORD" trademark was an egregious and outrageous attempt by R + B to appropriate a trademark to which it is not entitled under the Lanham Act.

WHEREFORE, Plaintiff, Jord, Inc., respectfully requests that the Court:

(1)    Declare that R + B has abandoned the trademark "JORDI", at least to the extent that it applies to watches;

(2)    Declare that R + B has abandoned the trademark "MICHEL JORDI", at least to the extent that it applies to watches;

(3)    Order, pursuant to 15 USC §1119, that the United States Patent and Trademark Office cancel the "JORDI" trademark registration, at least to the extent that it applies to watches;

(4)    Order, pursuant to 15 USC §1119, that the United States Patent and Trademark Office cancel the "MICHEL JORDI" trademark registration, at least to the extent that it applies to watches;

(5)    Find that this is an extraordinary case, pursuant to 15 USC §1117(A), and order that R + B pay Jord, Inc.'s reasonable attorneys' fees related to this action;

(6)    Order that R + B pay all costs of this action; and

(7)    Grant such other and further relief as this Court deems just and proper under the circumstances.

## Count III – Cancellation of "JORDI" Trademark as Improvidently Granted

43.    Plaintiff, Jord, Inc. hereby incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 16 of this Complaint.

9

44.     The word "Jordi" is primarily a surname and, as such, is not properly registerable on the Principal Registry, pursuant to 15 USC §1052(e)(4).   The USPTO initially refused registration on this basis, however, later concluded, improperly, that the mark was registerable, apparently based on R + B's representations that "Jordi" is a given name, rather than primarily a surname.

45.     Because the "JORDI" trademark was improvidently registered, it is subject to cancellation pursuant to 15 USC §1164.

WHEREFORE, Plaintiff, JORD, Inc., respectfully requests that the Court:

(1)     Declare that "JORDI" is primarily a surname, so that it was improperly registered on the Principal Registry;

(2)     Order, pursuant to 15 USC §1119, that the United States Patent and Trademark Office cancel the "JORDI" trademark registration;

(3)     Find that this is an extraordinary case, pursuant to 15 USC §1117(A), and order that R + B pay Jord, Inc.'s reasonable attorneys' fees related to this action;

(4)     Order that R + B pay all costs of this action; and

(5)     Grant such other and further relief as this Court deems just and proper under the circumstances.

DANNA MCKITRICK, P.C.

BY:     /s/ David R. Bohm
        David R. Bohm, #35166MO
        7701 Forsyth Blvd., Suite 800
        St. Louis, MO  63105-3907
        (314) 726-1000/(314) 725-6592 fax
        E-Mail:  dbohm@dmfirm.com
        ATTORNEYS FOR PLAINTIFF

Doc:  1691122